**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL LEONETTI,

       Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

       Respondents.

2:10-cv-00180-PMP-CWH

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. Before the Court is respondents' motion to dismiss. (ECF No. 31).

**I. Procedural History**

On July 28, 2000, the State of Nevada filed a criminal complaint in the Las Vegas Justice Court, charging petitioner with one count of open and gross lewdness, two counts of sexual assault with a minor under sixteen years of age, and twenty-two counts of statutory sexual seduction. (Exhibit 2).[1] After negotiations with the State, petitioner unconditionally waived his right to a preliminary hearing and agreed to plead guilty to a single count of attempted sexual assault with a

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 29, 30, 32, and 39.

1  minor under sixteen years of age. (Exhibit 4). While the State indicated that it would not object to
2  the court ordering petitioner's sentence in the underlying case to be served concurrent to his
3  sentence in another case (C145106), the State reserved the right to argue at sentencing. (Exhibit 4,
4  at p. 1).

5        At the entry of petitioner's plea, on August 28, 2000, attorney James Guesman represented
6  petitioner. (Exhibit 54). When entering his plea in the state district court, petitioner admitted to
7  having sexual intercourse with the minor victim in this case. (Exhibit 54, at p. 9). The state district
8  court accepted petitioner's plea and set the matter for sentencing. (Exhibit 54, at pp. 9-10).

9        At the sentencing hearing on October 16, 2000, petitioner again acknowledged his conduct
10 that led to the charges in the case. (Exhibit 55, at pp. 11-12). Defense counsel argued for a
11 maximum of 60 months with parole eligibility beginning after 24 months. The State, concurring
12 with the Department of Parole and Probation's recommendation, argued for a maximum term of 240
13 months with parole eligibility beginning after 96 months. (Exhibit 55). The state district court
14 imposed the maximum sentence of 240 months with parole eligibility beginning after 96 months.
15 (Exhibit 5; Exhibit 55, at p. 17). The sentence runs concurrent with petitioner's sentence in Case
16 No. C145106. (*Id.*). The judgment of conviction was filed on October 24, 2000. (Exhibit 5).

17       Petitioner filed a notice of appeal. (Exhibit 6). The state district court appointed a different
18 attorney, William J. Taylor, to represent petitioner on appeal. (Exhibit 9). On direct appeal, in the
19 fast-track statement, petitioner claimed that his plea was not knowing and voluntary because the
20 district court conducted an insufficient plea canvass and because his trial counsel had an actual
21 conflict of interest. (Exhibit 9, at pp. 5-9). On January 2, 2002, the Nevada Supreme Court entered
22 an order dismissing the appeal, stating that it would not permit a defendant to challenge the validity
23 of his guilty plea on direct appeal from a judgment of conviction. (Exhibit 11). The Nevada
24 Supreme Court held that a challenge to the validity of a guilty plea must be raised in the state district
25 court in the first instance, either in a motion to withdraw the guilty plea or by initiating a post-
26

1  conviction proceeding. (Exhibit 11, at p. 1). Remittitur issued on January 29, 2002. (Exhibit 12).

2  After entry of the judgment of conviction, petitioner filed a series of motions and petitions in the state district court. (Exhibits 7, 8, 13, 14). The Nevada Supreme Court summarized these proceedings in its order of August 20, 2002:

> On May 9, 2001, while his direct appeal was pending in this court, appellant filed a proper person post-conviction petition for a writ of habeas corpus and a motion to withdraw a guilty plea in the district court. The State opposed the petition and motion. Appellant filed a response. On August 27, 2001, Mr. Taylor, appellant's appellate counsel, appeared in the district court. Mr. Taylor advised the district court that it lacked jurisdiction to consider the habeas corpus petition and motion because the direct appeal was pending in this court. The district court took the matters off calendar and never resolved the merits of the claims raised in appellant's May 9, 2001 habeas corpus petition and motion to withdraw a guilty plea.
>
> On February 19, 2002, after this court had dismissed appellant's direct appeal, appellant filed the following proper person documents: (1) a motion to return his habeas corpus petition to the court's calendar; (2) a document labeled, "judicial notice" relating to the appointment of counsel; (3) a motion to renew appellant's motion for an evidentiary hearing, motion for the appointment of counsel, and motion for assignment of an investigator; (4) and a supplemental habeas corpus petition. On March 4, 2002, the district court orally denied appellant's motion to place his habeas corpus petition on the court's calendar. The State opposed appellant's judicial notice, and the district court denied relief. On March 13, 2002, appellant filed a habeas corpus petition labeled, "good cause exists for the filing of a second or successive petition for writ of habeas corpus." The State opposed appellant's good cause petition. On April 9, 2002, the district court denied appellant's good cause petition. This appeal followed.

(Exhibit 18, at pp. 1-3). The Nevada Supreme Court agreed with petitioner's contention that "he had good cause to file a second habeas petition because his first habeas corpus petition was never denied on the merits." (*Id.*, at p. 3). The Nevada Supreme Court reversed the state district court's order denying petitioner's motion for good cause, and remanded the matter to the state district court to consider the merits of petitioner's May 9, 2001 habeas corpus petition and petitioner's May 9, 2001 motion to withdraw a guilty plea. (*Id.*, at pp. 3-4). Remittitur issued on September 17, 2002. (Exhibit 19).

3

1    On September 26, 2002, petitioner, acting in pro per, filed a supplemental habeas petition in
2 the state district court. (Exhibit 20). On October 22, 2002, attorney William J. Taylor was
3 appointed to represent petitioner in his state habeas corpus proceedings. (Exhibit 1, at p. 31).
4 Attorney Taylor filed a third petition for a writ of habeas corpus and motion to withdraw guilty plea
5 on December 5, 2002. (Exhibits 21 & 22). Attorney Taylor was permitted to withdraw as
6 petitioner's counsel, and on January 13, 2003, attorney Michael H. Schwartz was appointed to
7 represent petitioner in his state habeas proceedings. (Exhibit 1, at p. 37). On July 14, 2003, attorney
8 Schwartz filed an additional motion seeking withdrawal of petitioner's plea. (Exhibit 23). The state
9 district court denied the motion on January 8, 2004, and petitioner appealed. (Exhibits 26, 27). The
10 Nevada Supreme Court dismissed the appeal and remittitur issued on October 12, 2004. (Exhibits
11 33, 34).

12    On April 2, 2004, the state district court conducted an evidentiary hearing addressing
13 petitioner's claim that his attorney who negotiated the plea agreement, James Guesman, was
14 ineffective in advising petitioner to accept the State's plea offer and enter a guilty plea, due to a
15 conflict of interest. (Exhibit 28). On May 19, 2006, the state district court entered Amended
16 Findings of Fact, Conclusions of Law, and Order denying the petition for post-conviction relief, and
17 specifically, denying petitioner's claim that his plea counsel was ineffective due to a conflict of
18 interest. (Exhibit 39).

19    Petitioner appealed the state district court's order denying post-conviction habeas relief. By
20 order filed August 7, 2007, the Nevada Supreme Court affirmed the state district court's denial of
21 post-conviction habeas relief. (Exhibit 40). The Nevada Supreme Court determined that petitioner
22 failed to demonstrate that his attorney's performance was adversely affected by the existence of a
23 conflict of interest. (*Id.*). Remittitur issued on September 4, 2007. (Exhibit 41).

24    On February 7, 2007, petitioner signed a federal habeas petition and submitted it to this
25 Court, which was opened as Case No. 2:07-cv-00236-KJD-RJJ. (ECF No. 1 & 28, in Case No. 2:07-
26

4

cv-00236-KJD-RJJ).  Petitioner filed an amended petition on August 20, 2007.  (ECF No. 8 & 49, in Case No. 2:07-cv-00236-KJD-RJJ).  By order filed February 19, 2008, the Court determined that the amended petition failed to state a cognizable claim for federal habeas relief and dismissed the action.  (ECF No. 27, in Case No. 2:07-cv-00236-KJD-RJJ).  Petitioner appealed, and on November 14, 2008, the United States Court of Appeals for the Ninth Circuit denied petitioner a certificate of appealability.  (ECF No. 45, in Case No. 2:07-cv-00236-KJD-RJJ).

After this Court's dismissal of his first federal habeas petition, petitioner filed additional state habeas petitions in the state district court, asserting a claim of actual innocence.  (Exhibits 42, 44, 47, 48).  The state district court denied relief, finding the petitions untimely under NRS 34.726.  (Exhibit 43, 46, 50).  By order filed January 7, 2010, the Nevada Supreme Court affirmed the state district court's denial of the petition as untimely.  (Exhibit 49).  Remittitur issued on February 2, 2010.  (Exhibit 51).

Petitioner dispatched his second federal habeas petition to this Court on February 5, 2010, initiating the instant case.  (ECF No. 1, at p. 1).  On March 29, 2010, the Court dismissed this action as a successive petition.  (ECF No. 5).  Judgment was entered on March 30, 2010.  (ECF No. 6).  Petitioner filed a notice of appeal.  (ECF No. 7).  The Federal Public Defender was appointed to represent petitioner on appeal.  (ECF No. 15).  On August 22, 2012, the United States Court of Appeals for the Ninth Circuit entered an unpublished memorandum opinion reversing and remanding this case.  (ECF No. 17).  The Court of Appeals determined that the petition was not successive because the Court's dismissal of the 2007 federal habeas petition was based on a deficiency in the pleadings and not on the merits.  (*Id.*).

On January 14, 2013, a status conference was held, at which time this Court set a time schedule for the filing of an amended petition and a response.  (ECF No. 25).  Petitioner filed the first amended petition, along with exhibits, on April 15, 2013.  (ECF No. 28).  Respondents have

filed a motion to dismiss the first amended petition. (ECF No. 31). Petitioner has filed an opposition (ECF No. 38) and respondents have filed a reply (ECF No. 42).

**II. Discussion**

In the motion to dismiss, respondents argue that the first amended petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d). Although 28 U.S.C. § 2244(d)(2) provides for tolling of the AEDPA statute of limitations when "a properly filed application for state post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending," the filing of a federal petition does not toll the AEDPA statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

      In the instant case, the judgment of conviction was entered on October 24, 2000. (Exhibit 5). The Nevada Supreme Court's order of affirmance on direct review was filed on January 2, 2002. (Exhibit 11). Petitioner began his post-conviction proceedings while his direct appeal was still pending. The AEDPA limitations period was statutorily tolled until petitioner's state habeas petition and appeal from the denial of his petition was resolved by the Nevada Supreme Court. *See* 28 U.S.C. § 2244(d)(2). The Nevada state courts did not completely resolve the post-conviction proceedings until the Nevada Supreme Court affirmed the state district court's denial of habeas relief in an order filed August 7, 2007. (Exhibit 40). Remittitur issued on September 4, 2007. (Exhibit 41). The period of statutory tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on September 4, 2007. The AEDPA statute of limitations began to run again and expired one year later, on September 4, 2008. Petitioner dispatched his original petition in this action on February 5, 2010.[2] The original petition in this action was filed approximately 17 months after the expiration of the AEDPA statute of limitations. The first amended petition was filed on April 15, 2013, more than 4 years after the expiration of the AEDPA statute of limitations. Although petitioner pursued a previous federal petition on February 7, 2007, in Case No. 2:07-cv-00236-KJD-RJJ, petitioner is not entitled to statutory tolling while that federal habeas action was pending. *Duncan*, 533 U.S. at 181-82 (the filing of a federal petition does not toll the AEDPA statute of limitations).

      In the opposition to the motion to dismiss, petitioner argues that the first amended petition in this case should relate back to the petition filed in Case No. 2:07-cv-00236-KJD-RJJ. (ECF No. 38).

---

[2] The first page of the original petition in this action indicates that the petition was dispatched (given to prison staff for mailing) to this Court on February 5, 2010. (ECF No. 1, at p. 1). *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing).

1  Under Rule 15(c), an amended habeas petition may relate back to the date when the original petition
2  was filed. *See Mayle v. Felix*, 545 U.S. 644 (2005). However, the relation-back doctrine is
3  inapplicable where the previous habeas petition has been dismissed. In *Rasberry v. Garcia*, 448
4  F.3d 1150, 1154-55 (9th Cir. 2006), a petitioner sought to overcome a statute of limitations defense
5  by asserting that his petition related back to a petition that had been dismissed without prejudice for
6  failure to exhaust state court remedies. The Ninth Circuit rejected such an argument, holding that
7  petitioner could not overcome a statute of limitations defense by arguing that his petition related
8  back to the previously dismissed petition. *Id.* "We concluded that the relation back doctrine does
9  not apply where the previous habeas petition was dismissed because there is nothing to which the
10 new petition could relate back." *Id.* (citing *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999)).
11     In the instant case, the Court dismissed petitioner's 2007 petition due to deficiencies in the
12 pleadings, as none of the claims set forth any ground upon which federal habeas relief could be
13 granted. (ECF No. 27, in Case No. 2:07-cv-00236-KJD-RJJ). The Ninth Circuit impliedly affirmed
14 that ruling by denying a certificate of appealability and dismissing petitioner's appeal from the order
15 dismissing the 2007 petition. (ECF No. 45, in Case No. 2:07-cv-00236-KJD-RJJ). Because the
16 relation-back doctrine does not apply where the previous habeas petition was dismissed, petitioner's
17 first amended petition in the instant case cannot relate back to the dismissed 2007 petition in Case
18 No. 2:07-cv-00236-KJD-RJJ. *Rasberry*, 448 F.3d at 1154-55.
19     Finally, the Court notes that the United States Supreme Court has held that the AEDPA's
20 statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560
21 U.S. 631, 645 (2010). "A petitioner is entitled to equitable tolling only if he shows: '(1) that he has
22 been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'
23 and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,
24 418 (2005)). However, in the instant case, petitioner asserts no argument and has made no showing
25
26

1  that he is entitled to equitable tolling.  This action must be dismissed because the original petition
2  and the first amended petition were filed after the expiration of the AEDPA statute of limitations.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF No. 31) is **GRANTED.**  The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE AS UNTIMELY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 14th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

10